IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Timothy Reliford | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 22 C 2894 |
| | ) | |
| Darren Hyte, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

In April of 2017, after a jury trial at which he represented himself, Timothy Reliford was found guilty of the aggravated criminal sexual assault of J.H. Reliford is currently incarcerated at the Vienna Correctional Center, where Darren Hyte is the warden.[1] He seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, contending that: (1) the trial court erred in allowing him to represent himself at a pretrial fitness hearing; (2) the trial court violated his right to due process by allowing him to be tried when he was unfit to stand trial; (3) the trial court violated his

---

[1] Because the proper respondent in a § 2254 proceeding is the warden of the facility where the prisoner is being held, *see* Rule 2(a) of the Rules Governing § 2254 Cases in the United States District Courts, Daniel Monti is dismissed from the case and replaced with Hyte in accordance with Rule 25(d) of the Federal Rules of Civil Procedure.

right to a fair trial by not allowing him to approach J.H. during cross-examination; and (4) the trial court violated his Sixth Amendment confrontation rights by cutting off his cross-examination of J.H. and by denying his motion to recall her for further cross-examination the next day. Mr. Reliford's petition is denied for the reasons below.

Section 2254, as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), authorizes federal courts to grant habeas corpus relief to individuals in state custody. *Pierce v. Vanihel*, 93 F.4th 1036, 1044 (7th Cir. 2024). Under the AEDPA, a federal court may grant habeas relief after a state-court adjudication on the merits only when that decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Schmidt v. Foster*, 911 F.3d 469, 476–77 (7th Cir. 2018) (en banc) (quoting 28 U.S.C. §§ 2254(d)(1), (2)). A state-court decision can be a reasonable application of Supreme Court precedent even if it is clearly erroneous. *Id.* at 477. Only when a decision is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement" does it satisfy the AEDPA's intentionally "difficult to meet" standard. *Harrington v.*

2

*Richter*, 562 U.S. 86, 103, 102 (2011). Moreover, federal courts cannot grant habeas relief on a claim that was procedurally defaulted in state court. *Davila v. Davis,* 582 U.S. 521, 524 (2017) ("[f]ederal habeas courts reviewing convictions from state courts will not consider claims that a state court refused to hear based on an adequate and independent state procedural ground.").

Mr. Reliford's third claim and a portion of his fourth claim are procedurally defaulted. The Illinois Appellate Court held that pursuant to Illinois Supreme Court Rule 341 (h)(7), Mr. Reliford forfeited both the claim that the trial court violated his right to a fair trial by prohibiting him from approaching the witness and the claim that his Confrontation Clause rights were violated when his request to recall J.H. for a second day of testimony was denied. The court explained that under Rule 341(h)(7), arguments that are not supported by relevant authority are forfeited, and after reviewing the cases Mr. Reliford cited in his brief, found that he had failed to cite relevant authority in support of these claims. *See* Resp., Exh. 6 at ¶¶ 82, 90.[2] That is an independent and adequate state law ground sufficient to trigger procedural default. *Talley v. Varga*, No. 18-cv-05661, 2021 U.S. Dist. LEXIS

---

[2] The court held that the latter of these claims was forfeited for the additional reason that Mr. Reliford failed to make an adequate offer of proof as to the additional evidence he intended to obtain by recalling J.H. *Id*. at ¶ 92. This is an additional ground for holding this claim procedurally defaulted in federal habeas proceedings.

56939, at *7 (N.D. Ill. Mar. 25, 2021) (claim rejected by state appellate court under Illinois Supreme Court Rule 341(h)(7) was procedurally defaulted). That the court went on to reject these claims on the merits does not alter the analysis. *See Whyte v. Winkleski*, 34 F.4th 617, 627 (7th Cir. 2022) (even if state court rejects a claim on the merits, "our review is foreclosed when adequate and independent state law grounds are sufficient to resolve the dispute.").

The state court's merits-based resolution of Mr. Reliford's remaining claims does not satisfy the exacting criteria for relief under 28 U.S.C. § 2254(d).[3] With respect to Mr. Reliford's claim that the trial court violated his Confrontation Clause rights by curtailing his examination of J.H., the Illinois Appellate Court's analysis is sound. The court reviewed relevant portions of the trial transcript and concluded that Mr. Reliford had "been asking the same question…multiple times." Accordingly, it concluded that the trial court was "within its discretion to foreclose further questions." Resp., Exh. 6 at ¶ 89. Because the appellate court's

---

[3] My focus is on the Illinois Appellate Court's decision, as it is the last reasoned state-court decision on the merits. *See Schmidt v. Foster*, 911 F.3d 469, 477 (7th Cir. 2018) *citing Wilson v. Sellers*, 584 U.S. 122, 125 (2018). (when a state court resolves a claim on the merits, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable.").

characterization of Mr. Reliford's questioning is supported by the record, *see* Trial Tr., ECF 1 at 89-90, its holding does not involve an "unreasonable determination of the facts," *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013) (factual determination is unreasonable "if it rests upon fact-finding that ignores the clear and convincing weight of the evidence"). Nor does it reflect an unreasonable application of federal law as decided by the Supreme Court. To the contrary, Supreme Court precedent confirms that "trial judges retain wide latitude insofar as the Confrontation Clause is concerned," and may limit "interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986). The Illinois Appellate Court reasonably determined that that is what the trial court did in this case. Mr. Reliford thus is not entitled to habeas relief based on this claim.

The state court's resolution of Mr. Reliford's claims that his due process rights were violated when he was allowed to represent himself at a hearing to determine his fitness, and that he was unfit to stand trial, likewise comports with both Supreme Court precedent and the factual record of this case. Claims involving the right to self-representation are governed by *Faretta v. California*, 422 U.S. 806, 835 (1975), which holds that the Sixth Amendment right to counsel includes the correlative right "competently and intelligently to choose self-representation." In *Godinez v. Moran*, 509 U.S. 389, 395 (1993), the Supreme Court held

that the standard for determining whether a defendant is competent to waive his right to counsel is the same as the standard for determining competency for trial.

Under Illinois law, which codified the *Godinez* standard, and which the Supreme Court has held to protect adequately the due-process rights of criminal defendants, *see Pate v. Robinson*, 383 U.S. 375, 385, (1966), a defendant is "fit to stand trial if he understands the proceedings against him and is capable of consulting with his lawyer in preparing his defense." *Morgan v. Chandler*, 367 F. App'x 700, 702 (7th Cir. 2010). The focus is on the defendant's "mental capacity," and the question is "whether he has the *ability* to understand the proceedings." *Godinez*, 509 U.S. at 401 n. 12 (citing *Drope v. Missouri,* 420 U.S. 162, 180–181 (1975)). Nothing in the record suggests that Illinois Appellate Court erred when it concluded that Mr. Reliford satisfied this standard.

In July of 2016, at the outset of proceedings in the trial court, Mr. Reliford expressed that he wished to waive his right to counsel and proceed pro se. Tr. of 07/07/2016 Hr'g., ECF 16-1 at 9-13. The Illinois Appellate Court summarized the ensuing colloquy as follows:

> The trial court admonished defendant about choosing to waive counsel and represent himself. During the discussion, defendant disclosed that he was 32 years old, he graduated from high school and had attended some college. Defendant indicated that he was representing

> himself on another pending case. Defendant stated that
> he had been to prison twice and was familiar with the
> legal proceedings. The court explained the risks of
> defendant representing himself and defendant responded
> that he understood. The court asked defendant if he
> understood: presenting a defense required adherence to
> various rules governing the trial; a lawyer has
> substantial experience and training in trial procedure
> and the prosecution will have an experienced attorney;
> a prosecutor may have an advantage when defendant may
> fail to object to inadmissible evidence; defendant may
> not make effective usage of his right to voir dire the
> jurors; defendant may make tactical decisions that
> produce unintended consequences; defendant will not be
> allowed to complain on appeal about his own ability to
> defend himself; defendant may have the effectiveness of
> his defense diminished by defendant acting as both
> attorney and the defendant; defendant will not receive
> special consideration from the court; and defendant will
> not receive extra: time to prepare or access to the law
> library. Defendant responded to the court that he
> understood each of these admonishments. The court also
> asked defendant if he understood that the court was not
> going to appoint standby counsel. The court explained
> the sentencing range to be 6 to 30 years upon conviction.

Resp., Exh 6 at ¶ 4. Later that month, however, after Mr. Reliford

sent the court a self-styled "suicide letter" threatening to take

his life if he did not "receive a change of venue [and was not]

treated fairly by the next court date," Exh. 6 ¶ 5; ECF 160-1 at

27-28, the trial court ordered a fitness examination of Mr.

Reliford. Dr. Melanie Venable, a staff psychiatrist at the forensic

clinical services of the circuit court of Cook County, and Dr.

Erick Neu, a licensed clinical psychologist with forensic clinical

services, evaluated Mr. Reliford. The court held a fitness hearing

in September of 2016, at which Dr. Venable testified about the

basis for her fitness opinion, which included a one-hour meeting

with Mr. Reliford, during which he was "calm and cooperative," had an appropriate demeanor, and seemed to be "cognitively intact." Dr. Venable diagnosed Mr. Reliford as having "an unspecified depressive disorder in remission" and found him fit to stand trial with medication. Dr. Neu did not testify at the hearing, but he filed a letter setting forth his findings, including that Mr. Reliford was "not suffering from a mental condition that would compromise his ability to understand the nature of the proceedings against him or to assist in his defense." At the close of the fitness hearing, at which Mr. Reliford neither cross-examined Dr. Venable nor presented any witnesses, the trial court held Mr. Reliford fit to stand trial.

On appeal, Mr. Reliford argued that the trial court abused its discretion by allowing him to represent himself at his pre-trial fitness hearing. In Mr. Reliford's view, the trial court's observations that he was "unbalanced" and had "psychiatric issues" reflect a *bona fide* doubt as to his fitness. The Illinois Appellate Court rejected this argument. It began by identifying *Faretta* and *Godinez* as the relevant Supreme Court cases, then went on to examine the trial court's statements in context and concluded that they did not satisfy the standards set forth in these cases. The appellate court noted correctly that a defendant is presumed to be fit for trial. It then analyzed the totality of the evidence bearing on Mr. Reliford's fitness and concluded:

8

> [A] complete review of the record in this case discloses
> that the trial court never expressed a *bona fide* doubt
> as to defendant's fitness. Instead, the trial court
> specifically stated that it never "saw any evidence of
> any sort of mental illness." Rather, the record
> demonstrates that defendant attempted to manipulate the
> trial court by threatening suicide to achieve what he
> wanted.

Resp., Exh. 6 at ¶ 56. The Illinois Appellate court's conclusion in this respect is both reasonable and substantiated by the record.

When a state court resolves a federal claim on the merits, "a federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). That is the case here. Accordingly, Mr. Reliford's petition for habeas corpus is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: September 10, 2024

9